IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Robert Holland Koon, # 227826, *a/k/a Robert Koon a/k/a Robert H. Koon*, | ) ) ) C/A No.: 4:15-2944-DCN-TER |
| Plaintiff, | ) ) **REPORT AND RECOMMENDATION** |
| vs. | ) ) ) |
| Jean Hoefer Toal, Chief Judicial Officer of SC, Alan Wilson, Chief Legal Counsel of SC both in their official capacities, | ) ) ) ) |
| Defendants. | ) ) |

The plaintiff, Robert Holland Koon, proceeding pro se, brings this civil action for a declaratory judgment. Plaintiff is a South Carolina Department of Corrections inmate currently housed at Lieber Correctional Institution. He files this action in forma pauperis under 28 U.S.C. § 1915. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court. Plaintiff has named the following as Defendants: Chief Justice Jean Toal, and S.C. Attorney General Alan Wilson, both in their official capacity. Essentially, the plaintiff claims that several state statutes are unconstitutional because they violate the Double Jeopardy Clause of the U.S. Constitution. The complaint should be dismissed as frivolous and for failure to state a claim upon which relief may be granted.

Pro Se Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the pro se complaint pursuant to the procedural provisions of 28 U.S.C. § 1915. The review has been

1

conducted in light of the following precedents: Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Estelle v. Gamble, 429 U.S. 97 (1976); Haines v. Kerner, 404 U.S. 519 (1972); and Gordon v. Leeke, 574 F.2d 1147 (4th Cir. 1978). The Complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §1915(e)(2)(B)(i),(ii), (iii). Hence, under 28 U.S.C. §1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed sua sponte. Neitzke v. Williams, 490 U.S. 319 (1989).

This Court is required to liberally construe pro se documents, Estelle v. Gamble, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, Hughes v. Rowe, 449 U.S. 5 (1980) (per curiam). Even under this less stringent standard, however, a pro se complaint may be subject to summary dismissal. The mandated liberal construction afforded pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to "conjure up questions never squarely presented" to the court. Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Dep't. of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

Background[1]

In May 1998, Plaintiff was convicted of grand larceny and second degree burglary. Based upon Koon's 1986 guilty plea to four counts of second-degree burglary, he was sentenced as a recidivist to LWOP. His direct appeal was affirmed by the Court of Appeals. State v. Koon, Op. No.2000-UP-291 (Ct.App. April 18, 2000). His first application for PCR was dismissed after a hearing. After Koon's first PCR hearing, but prior to dismissal of his application, the SC Supreme Court issued an opinion in State v. Gordon, 356 S.C. 143, 588 S.E.2d 105 (2003). Koon filed a second PCR application asserting that, pursuant to Gordon, his prior second-degree burglary crimes should have been treated as one crime for purposes of sentencing under the recidivist statute. The PCR court agreed with Koon and vacated the LWOP sentence. On appeal, the SC Supreme Court reversed, and held that defendant's prior burglary convictions did not qualify to be treated as one crime for purposes of sentencing under recidivist statute. Accordingly, the SC Supreme Court found that Plaintiff was therefore properly sentenced as a recidivist.

The plaintiff's case sub judice seeks a declaratory judgment action pursuant to 28 U.S.C. § 2201. The plaintiff's alleges that the interplay between SC Code Ann 17-25-45[2] (a state recidivist

---

[1] The procedural history is taken primarily from Koon v. State, 372 S.C. 531, 534, 643 S.E.2d 680, 682 (S.C.,2007)

[2] Section 17-25-45 which is entitled: "Life sentence for person convicted for certain crimes" reads in relevant part as follows:
(A)  Notwithstanding any other provision of law, except in cases in which the death penalty is imposed, upon a conviction for a most serious offense as defined by this section, a person must be sentenced to a term of imprisonment for life without the possibility of parole if that person has either:
    (1)   one or more prior convictions for:
        (a)   a most serious offense; or
        (b)   a federal or out-of-state conviction for an offense that would be classified as a most serious offense under this section; or

statute)[3] and SC Code Ann 16-11-311 Burglary; first degree[4] and SC Code Ann 16-11-312 Burglary;

---

       (2)    two or more prior convictions for:
           (a)    a serious offense; or
           (b)    a federal or out-of-state conviction for an offense that would be classified as a serious offense under this section.

(B)    Notwithstanding any other provision of law, except in cases in which the death penalty is imposed, upon a conviction for a serious offense as defined by this section, a person must be sentenced to a term of imprisonment for life without the possibility of parole if that person has two or more prior convictions for:
(1)    a serious offense;
(2)    a most serious offense;

(3)    a federal or out-of-state offense that would be classified as a serious offense or most serious offense under this section; or

(4)    any combination of the offenses listed in items (1), (2), and (3) above.

As used in this section, a "Most serious offense" includes, <u>inter alia</u>, S.C. Code Ann. 16-11-311 Burglary, First degree; and a "Serious offense" includes, <u>inter alia</u>, means: 16-11-312(B) Burglary, Second degree.

[3]Plaintiff was sentenced to Life without parole under this statute.

[4]SC Code Ann Section 16-11-311 Burglary; first degree provides, in part, as follows:
(A)    A person is guilty of burglary in the first degree if the person enters a dwelling without consent and with intent to commit a crime in the dwelling, and either:
    (1)    when, in effecting entry or while in the dwelling or in immediate flight, he or another participant in the crime:
        (a)    is armed with a deadly weapon or explosive; or
        (b)    causes physical injury to a person who is not a participant in the crime; or
        (c)    uses or threatens the use of a dangerous instrument; or
        (d)    displays what is or appears to be a knife, pistol, revolver, rifle, shotgun, machine gun, or other firearm; or
    (2)    the burglary is committed by a person with a prior record of two or more convictions for burglary or housebreaking or a combination of both; or
    (3)    the entering or remaining occurs in the nighttime.

second degree[5] results in a violation of the "double counting and double jeopardy clause of US Constitution." He asks that this court declare that these statutes are in violation of the Double jeopardy clause of the U.S. Constitution, and direct that the Defendants create a legal forum to address said alleged violations. Doc. # 1.

"Federal courts are not comprised of philosopher-kings or legislative aides, and the Constitution forbids us from pontificating about abstractions in the law or merely giving advice about the potential legal deficiencies of a law or policy when no ongoing controversy exists with respect to that law or policy." Incumaa v. Ozmint, 507 F.3d 281, 289 (4th Cir.2007). Federal courts must decide live controversies and must avoid giving advisory opinions on abstract propositions of law. Id. at 287. This Court recognizes that a declaratory judgment action may be properly brought to determine the constitutionality of a statute because the purpose of the Declaratory Judgment Act is to ameliorate the dilemma of a plaintiff having to choose between abandoning his rights or risking prosecution. Medimmune, Inc. v. Genentech, Inc., 549 U.S. 118, 127 S.Ct. 764, 772-73, 166 L.Ed.2d

---

[5]SC Code Ann Section 16-11-312 Burglary; second degree provides, in part, as follows:
(A)   A person is guilty of burglary in the second degree if the person enters a dwelling without consent and with intent to commit a crime therein.
(B)   A person is guilty of burglary in the second degree if the person enters a building without consent and with intent to commit a crime therein, and either:
    (1)   When, in effecting entry or while in the building or in immediate flight therefrom, he or another participant in the crime:
        (a)   Is armed with a deadly weapon or explosive; or
        (b)   Causes physical injury to any person who is not a participant in the crime; or
        (c)   Uses or threatens the use of a dangerous instrument; or
        (d)   Displays what is or appears to be a knife, pistol, revolver, rifle, shotgun, machine gun, or other firearm; or
    (2)   The burglary is committed by a person with a prior record of two or more convictions for burglary or housebreaking or a combination of both; or
    (3)   The entering or remaining occurs in the nighttime.

604 (2007). Of course, a declaratory judgment action must still satisfy Article III's case-or-controversy requirement.[6] Id. at 770.

In order to satisfy Article III's case-or-controversy requirement for a declaratory judgment action, the Supreme Court stated, " '[b]asically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.' " Id. at 771 (quoting Maryland Cas. Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 61 S.Ct. 510, 85 L.Ed. 826 (1941)). Stated again, the dispute must be " 'definite and concrete, touching the legal relations of parties having adverse legal interests'; and that it be 'real and substantial' and 'admi[t] of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.'" Id. (quoting Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 240-41, 57 S.Ct. 461, 81 L.Ed. 617 (1937)).

Several of the plaintiff's questions for which he seeks a declaration, accordingly to the plaintiff, are concerning matters about which he may file an action in the future, presumably in the forum he asks to be created. Clearly, this Court should not issue an advisory opinion concerning any of those matters because binding legal precedent prohibits this Court from doing so. Plaintiff's real controversy appears to be the validity of his state conviction and sentence determined under a state

---

[6]The Fourth Circuit held that for a district court to have jurisdiction to issue a declaratory judgment two conditions must be satisfied. One, Article III "case or controversy" must be satisfied and, secondly, the "prudential" inquiry by the trial court that declaratory relief is appropriate. White v. National Union Fire Ins. Co., 913 F.2d 165, 167 (4th Cir.1990). The undersigned does not examine the "prudential" inquiry because the Article III requirement is lacking.

recidivist statute, normally raised in a state post conviction relief action and/or federal habeas relief. See Calderon v. Ashmus, 523 U.S. 740, 746, 118 S.Ct. 1694, 140 L.Ed.2d 970 (1998) (holding where a prisoner's real controversy is whether he is entitled to habeas relief setting aside his sentence or conviction, that prisoner cannot bring a declaratory judgment action for the purpose of determining "a collateral legal issue governing certain aspects of [his] pending or future [habeas] suits"). Accordingly, there is no real controversy of sufficient immediacy and reality to warrant this declaratory judgment action.

      This action should also be summarily dismissed because the gravamen of the plaintiff's action appears to be that he is challenging his state incarceration. The plaintiff has already filed a Section 2254 petition regarding his 1998 convictions (for which he was sentenced to Life without parole) which was denied on the merits. See C.A. 8:05-cv-2523-RBH. Furthermore, one of the issues raised in his petition was whether his 1986 convictions were properly determined by the trial court to be predicate offenses for purposes of S.C. Code Section 17-25-45. As Plaintiff has also filed multiple Section 2254 petitions in this court at least one of which has been dismissed, inter alia, as successive, (See 8:04-cv-2456-RBH) he should be aware that before he can file a successive habeas petition the statute requires that he obtain permission from the Court of Appeals. The plaintiff cannot bring a declaratory judgment action to circumvent the habeas statutory requirements; accordingly, this action fails to state a claim upon which relief may be granted. See Calderon v. Ashmus, 523 U.S. 740, 746, 118 S.Ct. 1694, 140 L.Ed.2d 970 (1998) (noting that "we have held that any claim by a prisoner attacking the validity or duration of his confinement must be brought under the habeas sections of Title 28 of the United States Code") (citing Preiser v. Rodriquez, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973)). See also Martin v. Swenson, 335 F.Supp. 765 (W.D.Mo.1971).

The undersigned recommends a "strike" be given to the plaintiff pursuant to 28 U.S.C. § 1915(g). The Fourth Circuit has set forth the standard for determining which cases are subject to the "three-strikes" rule. Under McLean v. U.S., 566 F.3d 391 (4th Cir.2009), a "strike" may be "thrown" after review of the case if it is frivolous, or if it fails to state a claim upon which relief may be granted. The latter finding must be with prejudice. Thus, pursuant to McLean, "[a] potentially meritorious but inartfully pleaded claim by a prisoner that is dismissed without prejudice for failure to state a claim is wholly distinct from a claim that is dismissed as frivolous, malicious, or substantively meritless. The former claim might be revived by competent pleading, but the latter cannot." McLean, 566 F.3d at 397. The plaintiff has another action pending in this District Court against the same defendants raising an almost identical issue. See Koon v. Toal et al., No. 4:15-3357-DCN-TER. That case has been recommended for dismissal with prejudice, and a strike has recommended based on it being a frivolous action.

## RECOMMENDATION

Accordingly, it is recommended that the District Court dismiss the Complaint in this case with prejudice. Since the Complaint filed in this case is substantially frivolous, 28 U.S.C. § 1915A(b)(1) is applicable in this case. Hence, it is also recommended that this case be deemed a "strike" for purposes of the "three strikes" rule of 28 U.S.C. § 1915(g). See McLean v. United States, 566 F.3d 391 (4th Cir. 2009).

Plaintiff's attention is directed to the important notice on the following page.

s/ Thomas E. Rogers, III<br>
Thomas E. Rogers, III<br>
United States Magistrate Judge

September 30, 2015<br>
Florence, South Carolina